

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PRIME INCOME ASSET MANAGEMENT CO., INC., a Nevada Corporation; CONTINENTAL POYDRAS CORPORATION, a Nevada Corporation; CONTINENTAL COMMON, INC., a Nevada Corporation; CONTINENTAL BARONNE, INC., a Nevada Corporation;

     Plaintiffs,

WATERS EDGE LIVING LLC, a Florida Limited Liability Company, WATERS EDGE JW, LLC, a Florida Limited Liability Company, and LIBERTY BANKERS LIFE INSURANCE COMPANY, a Okalahoma Corporation;

     Defendants.

CASE NO. 3-07CV0102-D

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION; AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that based upon the grounds set forth in this Notice of Removal, Defendants, WATERS EDGE LIVING, LLC, a Florida Limited Liability Company, and WATERS EDGE JW, LLC, a Florida Limited Liability Company (collectively, "Waters Edge"), hereby remove the action entitled *Prime Income Asset Management Co., Inc. v. Waters Edge Living, LLC, et al.*, from the District Court, 192nd Judicial Circuit, Dallas County, Texas, Cause No. 07-00200, pursuant to 28 U.S.C. § 1441. In support of this Notice of Removal Waters Edge alleges as follows:

  1. On or about January 12, 2007, Waters Edge was served with a Citation and Petition in an action entitled *Prime Income Asset Management Co., Inc. v. Waters*

*Edge Living, LLC, et al.*, pending in the District Court, 192nd Judicial Circuit, Dallas County, Texas, Cause No. 07-00200.

2. In the Petition, Plaintiffs assert a cause of action for declaratory judgment, tortious interference, and breach of contract against Waters Edge. For the reasons stated below, this action is properly removed to this Court for resolution.[1]

## Local Rule Requirements

3. Pursuant to Local Rule 81.1(3)(A), an Index of all documents that identifies each document and indicates the date the document was filed in state court is attached hereto as Exhibit A.

4. Pursuant to Local Rule 81.1(3)(B), a copy of the Docket Sheet from the state court action is attached hereto as Exhibit B.

5. Pursuant to Local Rule 81.1(3)(C), each document filed in the state court action, individually tabbed and arranged in chronological order according to the state court file date, are attached hereto as Exhibit C.

6. Pursuant to Local Rule 81.1(3)(D), a separately signed Certificate of Interested Persons that complies with Local Rule 3.1(f) is attached hereto as Exhibit D.

---

[1] Waters Edge is not subject to personal jurisdiction in Texas. Waters Edge objects to personal jurisdiction and intends to move to dismiss the pending petition on that ground upon removal as permitted by Federal Rule of Civil Procedure 81(c). In the event its motion to dismiss is denied, Waters Edge intends to move to stay this action in favor of Waters Edge's earlier filed action in United States District Court for the Northern District of Florida, Tallahassee Division, which raises identical issues.

## Amount in Controversy

7. The amount in controversy here far exceeds the jurisdictional requirements of this Court in diversity matters. *See* 28 U.S.C. § 1332(a) (requiring that the amount in controversy exceed "$75,000, exclusive of interests and costs" in a diversity matter). According to Plaintiffs, the insurance policies at issue here have limits of $100 million and there are potential claims of $200 million. Out of those amounts, Waters Edge, as additional named insured under the policies, has been paid some $32 million for its property loss and lost rental income. Those monies are currently being held in an interest bearing account under the supervision of Robert L. Hinkle, Chief United States District Judge of the Northern District of Florida. Those funds were not unilaterally deposited in an interest bearing account by Waters Edge, as alleged by Plaintiffs, but were instead deposited pursuant to an agreement between Prime Income, RSUI Indemnity (the insurer) and Waters Edge. *See* Order for Retention of Proceeds at Interest attached as Exhibit E.

8. The actual amount in controversy between Waters Edge and Prime Income exceeds the $32 million currently being held in an interest bearing account subject to Court supervision in Tallahassee, Florida. That amount only accounts for the property loss and lost rents resulting from the damage to the Waters Edge Apartments. As more fully described in Waters Edge's Complaint against Prime Income, which is currently pending in the Northern District of Florida, Tallahassee Division, Waters Edge also has a claim, under the coverage provided by Prime Income, to increased construction costs and code upgrades necessary to complete reconstruction. These increased construction

costs and code upgrades are expected to exceed $34 million upon rebuilding of the apartment complex.[2] Thus, the total amount in controversy between Prime Income (and its managed affiliated entities) and Waters Edge exceeds $66 million. A copy of the pending complaint (without exhibits) in *Waters Edge Living, LLC, et al. v. Prime Income Asset Management, Inc., et al.*, Case No. 4:06CV00334RH, pending in the Northern District of Florida, Tallahassee Division, is attached as Exhibit F.

Diversity of Citizenship

9. The Plaintiffs are all Nevada Corporations with their principal place of business at 1800 Valley View Lane, Dallas, Texas (Prime Income's corporate address). *See* Corporate information from Nevada Secretary of State website for each of the Plaintiffs, attached hereto as Composite Exhibit G; *see also* Plaintiffs' Original Petition, paragraphs 2-5. The Plaintiffs (other than Prime Income) are also all subsidiaries of Transcontinental Realty Investors, Inc. ("TCI"), a company that is managed and controlled by Prime Income. *See* Excerpts of TCI's 2005 10K, including Exhibit 21.0 ("Subsidiaries of Registrant"), attached hereto as Exhibit H.

10. Defendants Waters Edge Living, LLC and Waters Edge JW, LLC are Florida Limited Liability Companies, with their headquarters and principal place of business located in Tallahassee, Florida. *See* Plaintiffs' Original Petition, paragraph 6.

11. The other nominal Defendant, Liberty Bankers Life Insurance, Co. ("Liberty Bankers"), is an Oklahoma corporation with its principal place of business at

---

[2] As more fully discussed in the Tallahassee litigation, Waters Edge is entitled to a priority over Prime Income and its managed and controlled affiliated entities that are nominal parties in this case.

1800 Valley View Lane, Dallas, Texas. Plaintiffs erroneously state in paragraph 7 of their Original Petition that Liberty Bankers is a "Florida Limited Liability Company." This allegation is false and is negated by the attached corporate information from the website maintained by the Florida Secretary of State, Division of Corporations. *See* Corporate information for Liberty Bankers, attached hereto as Exhibit I.

12. The Corporate records attached as Exhibit G, H and I also demonstrate a close affiliation between the Plaintiffs and Liberty Bankers. They have common officers and share a common principal place of business (1800 Valley View Lane, Dallas, Texas). The Plaintiffs and Liberty Bankers are all ultimately owned and controlled by Gene Phillips, either through the May Trust (a Trust established for the benefit of the children of Gene E. Phillips), or through other companies Mr. Phillips owns or controls. *See* Exhibit E; *see also* Exhibit J, which is an Order to Reinstate Certificate of Authority from the Commissioner of Insurance of the State of Kansas in the case of *In the Matter of Middle Atlantic Life Insurance Company n/k/a Liberty Bankers Life Insurance Company*, Docket No. 3462-RE at paragraph 10 (recognizing that the May Trust is the "Ultimate Controlling Party" of Liberty Bankers). Bradford Phillips, son of Gene Phillips, is the President of Liberty Bankers.

13. Prime Income, as the driving force behind this litigation, improperly and fraudulently joined Liberty Bankers, a company that is closely affiliated with Plaintiffs (Prime Income and its managed or controlled affiliates), in an attempt to defeat diversity jurisdiction. *See* 28 U.S.C. 1441 (b) (permitting removal based on diversity of citizenship only "if none of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought"). If Liberty Bankers were properly joined as a defendant (which it is not), there would not be complete diversity in this case because all of the Plaintiffs and one of the Defendants (Liberty Bankers) would have the same principal place of business – 1800 Valley View Lane, Dallas, Texas, and thus, be citizens of Texas. On the other hand, if Liberty Bankers is aligned as a plaintiff – as it should be – there would be complete diversity because Liberty Bankers is an Oklahoma corporation with its principal place of business in Dallas, Texas. Since Liberty Bankers has the same adverse interests to Waters Edge as the other Plaintiffs, it should be considered a plaintiff and aligned with the other "Phillips" companies that adversely claim an interest in the insurance proceeds owed to Waters Edge under Prime Income's Master Insurance Policy.

14. Moreover, the Original Petition does not even attempt to allege a cause of action against Liberty Bankers or otherwise state an adverse interest between Plaintiffs and Liberty Bankers. In the absence of a viable claim for relief against the non-diverse party on the face of the complaint, the citizenship of the improperly joined party should be disregarded for purposes of determining whether the court has diversity jurisdiction. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (applying 12(b)(6) type analysis to question of whether non-diverse party was improperly joined). The Petition does not allege why Liberty Bankers should be considered a defendant in this action, does not distinguish between Liberty Bankers and the other insureds under the master policy or explain why it should otherwise be aligned as a defendant in this case, and completely fails to state a cause of action against Liberty Bankers. As a result,

Liberty Bankers should either be realigned as a plaintiff or dismissed from this suit, but in either case should be disregarded for purposes of determining diversity jurisdiction.

15. Even if the Petition stated a cause of action against Liberty Bankers, this Court should pierce the pleadings, conduct a summary inquiry and conclude that Liberty Bankers was improperly joined as a Defendant in this case for the reasons stated in Paragraphs 11 through 13 above. *See Smallwood*, 385 F.3d at 573 (holding that "there are cases . . . in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry"). Here, the close affiliation between Plaintiffs and Liberty Bankers exposes the improper nature of joining Liberty Bankers as a non-diverse Defendant. Plaintiffs would essentially be suing their ultimate owners by pursuing an action against Liberty Bankers.

16. Pursuant to 28 U.S.C. §§ 1332 and 1441, this Court has original subject matter jurisdiction over this cause, because there is complete diversity between the properly joined Defendants and Plaintiffs, the amount in controversy exceeds $75,000, and this is the United States District Court and division embracing Dallas County, Texas, where this action was originally brought.

17. Because of the improper joinder (i.e., misalignment) or Liberty Bankers as a defendant, Liberty Bankers was not consulted regarding the filing of this Notice of Removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that judicially imposed "rule of unanimity" requiring that all defendants join in the removal does not apply in the case of improper joinder).

18. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is being filed with this Court within thirty (30) days of Defendants' receipt of the Petition, and a copy is being served on all parties and filed with the Clerk of the District Court, 192nd Judicial Circuit, Dallas County, Texas.

WHEREFORE, Waters Edge respectfully requests that this court assume subject matter jurisdiction over the cause herein as provided by law, and provide full relief as this court deems just and proper.

Of Counsel:

M. STEPHEN TURNER, P.A.<sup>x</sup>
Florida Bar No. 095691
MARTIN A. FITZPATRICK, P.A.<sup>x</sup>
Florida Bar No. 0032107
BROAD AND CASSEL
215 South Monroe Street, Suite 400
Tallahassee, Florida 32301
850-681-6810
850-681-9792 (fax)

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

By: *Holly M. Church*
Holly M. Church, SBN 24040691

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by certified mail, return receipt requested, to Lawrence J. Friedman, Esq., Friedman & Feiger, LLP, 5301 Spring Valley Road, Suite 200, Dallas, Texas 75254, this 17th day of January, 2007.

*Holly M. Church*
Holly M. Church